DANIEL T. HAYWARD
Nevada Bar No.: 5986
JANICE HODGE JENSEN
Nevada Bar No.: 563
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, Nevada 89521
Tel: (775) 322-1170
Fax: (775)322-1865
Attorneys for PLAINTIFF

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

GOLDEN ROAD MOTOR INN, INC.,
A Nevada corporation dba ATLANTIS
CASINO RESORT SPA,

           Plaintiff,

vs.

AMERICAN UNITED LIFE INSURANCE
COMPANY, an Indiana corporation; R. E.
MOULTON, INC., a Massachusetts
Corporation; DOE Defendants I-X,

           Defendants.

Case No.: 3:09-cv-00607

## MOTION FOR REMAND

Comes now Plaintiff, Golden Road Motor Inn, Inc., dba Atlantis Casino and Resort Spa, hereinafter "ATLANTIS," by and through its attorneys undersigned, and moves this Court for an Order remanding this action to the Second Judicial District Court for the State of Nevada, as Defendants have failed to establish the requisite amount in controversy exists in this case.

///

///

///

///

1

This Motion is made and based upon the pleadings and papers on file herein, the Points and Authorities attached hereto and such oral argument as the Court may entertain.

DATED this 10th day of November, 2009.

LAXALT & NOMURA, LTD.

_____
DANIEL T. HAYWARD
Nevada Bar No.: 5986
JANICE HODGE JENSEN
Nevada Bar No.: 563
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, Nevada 89521
Tel: (775) 322-1170
Fax: (775) 322-1865
Attorneys for Plaintiff GOLDEN ROAD MOTOR INN, INC., dba ATLANTIS CASINO RESORT SPA

## POINTS AND AUTHORITIES

### I.

### FACTS

Plaintiff initiated this action on September 4, 2009, by filing its Complaint in the Second Judicial District of the State of Nevada, Washoe County. The Complaint seeks damages "in excess of $10,000." On October 14, 2009, Defendants removed this action to this Court, alleging diversity jurisdiction and contending the amount in controversy is in excess of $75,000.

### II.

### DEFENDANTS HAVE NOT MET THEIR BURDEN OF ESTABLISHING THE REQUISITE AMOUNT IN CONTROVERSY

This Court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1)(2005). Section 1441(a)

1  provides that "any civil action brought in a State court of which the district courts of the United
2  States have original jurisdiction may be removed by the defendant or defendants, to the district
3  court of the United States for the district and division embracing the place where such action is
4  pending." 28 U.S.C. § 1441(a)(2005). Section 1447(c) requires a district court to remand an
5  action "[i]f at any time before final judgment it appears that the district court lacks subject
6  matter jurisdiction . . . ." 28 U.S.C. § 1447(c)(2005).

7        The removal statute is strictly construed against removal jurisdiction and doubts as to
8  the right of removal are resolved in favor of remanding the case to state court. *Gaus v. Miles,*
9  *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d
10 1089, 1090 (9th Cir. 2003). Because of the strong presumption against removal jurisdiction, a
11 defendant bears the burden of proving, by a preponderance of the evidence, that the amount in
12 controversy is met. *Gaus*, 980 F.2d at 566; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d
13 398, 403-04 (9th Cir. 1996).

14       To determine whether the amount in controversy has been met, "the status of a case as
15 disclosed by a plaintiff's complaint is controlling in the case of a removal . . . ." *St. Paul*
16 *Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938); *see also Paschinger v. MGM*
17 *Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir. 1986). However, if the
18 "plaintiff's state court complaint does not specify a particular amount of damages, the
19 removing defendant bears the burden of establishing, by a preponderance of the evidence, that
20 the amount in controversy [is met]." *Sanchez*, 102 F.3d at 404; *see also Valdez v. Allstate*, 372
21 F.3d 1115, 1117-18 (9th Cir. 2004).

22       ATLANTIS' Complaint was drafted in accordance with NRCP Rule 8(a), which
23 provides that "[w]here a claimant seeks damages of more than $10,000, the demand shall be for
24 damages 'in excess of $10,000' without further specification." Therefore, the Complaint does
25 not specify a particular amount of damages. Thus, Defendants must present *evidence* to prove
26 that the amount in controversy is met.

27       "[A]lthough [the Ninth Circuit has] not addressed the types of evidence defendants may
28 rely upon to satisfy the preponderance of the evidence test for jurisdiction, [it has] endorsed the

LAXALT & NOMURA.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

> The Fifth Circuit has described an appropriate procedure for determining the amount in controversy on removal. The district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." The Fifth Circuit agrees with our conclusion in *Gaus* that removal "cannot be based simply upon conclusory allegations" where the ad damnum is silent. We agree with the Fifth Circuit.

*Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Evidence that courts have considered in order to determine whether the amount in controversy has been met include settlement letters that reflect a reasonable estimate of the plaintiff's claim and a plaintiff's judicial admission that the amount of damages sought exceeds the jurisdictional threshold. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (settlement letter); *see also Singer*, 116 F.3d at 376-77 (judicial admission).

This Court cannot consider Defendants' conclusory allegation that "Plaintiff's extra-contractual claims for compensatory and punitive damages place more than $10,180.51 at issue[1]" for purposes of determining the jurisdictional amount at issue in this case. *See e.g., Matheson*, 319 F.3d at 1090-91 (stating that "[c]onclusory allegations as to the amount in controversy are insufficient."). Defendants have not come forward with any actual evidence to show that ATLANTIS seeks punitive damages in an amount that would meet the jurisdictional threshold. Defendants have failed to meet their burden of establishing that it is more likely than not that the amount in controversy exceeds the jurisdictional threshold. *Valdez*, 372 F.3d at 1117 (citing *Sanchez*, 102 F.3d at 404).

---

[1] *See* Notice of Removal at page 4, lines 9-10.

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

4

Defendants refer to *Coleman v. Assurant, Inc*, 463 F. Supp. 2d 1164 (D. Nev. 2006) and *Garcia v. Dawahare*, 2006 U.S. Dist. LEXIS 68040, for the proposition that the allegations of the Complaint are sufficient to establish the requisite amount in controversy. However, in each of those cases, the removing Defendant presented *evidence* establishing the amount in controversy exceeded the $75,000 threshold. In *Coleman*, Plaintiff represented to the Court that "Plaintiff understands this case is worth more than $75,000," a judicial admission. In *Garcia*, the limits of the insurance policy in contention were themselves $100,000. Further, Plaintiff in *Garcia* had made two settlement demands in excess of $75,000 for the extra-contractual claims, and failed to reply to the insurer's opposition to the motion to remand, leading the Court to conclude that Plaintiff consented that the insurer had meet its burden to "demonstrate by a preponderance of the evidence that Plaintiff's claims are seeking more than $75,000." *Garcia* at *7.

Here, while arguing that Plaintiff's claims have a value in excess of $75,000 for purposes of removal, in their Answer to Plaintiff's Complaint Defendants have denied that ATLANTIS is entitled to any punitive damages. *See* Answer at ¶ 36 and ¶ 43. Taking these inconsistent positions, the Court must determine if Defendants have met their burden.

Because Defendants have failed to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, this case must be remanded to state court.

DATED this 10th day of November, 2009.

LAXALT & NOMURA, LTD.

_____
DANIEL T. HAYWARD
Nevada Bar No.: 5986
JANICE HODGE JENSEN
Nevada Bar No.: 563
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, Nevada 89521
Tel: (775) 322-1170
Fax: (775)322-1865
Attorneys for Plaintiff GOLDEN ROAD MOTOR INN, INC., dba ATLANTIS CASINO RESORT SPA

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of LAXALT & NOMURA, LTD., and that on this 10th day of November, 2009, I caused a true and correct copy of the foregoing **MOTION FOR REMAND** to be served:

\_\_\_\_\_ (BY MAIL) on all parties in said action, by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At the Law Offices of Laxalt & Nomura, mail placed in that designated area is given the correct amount of postage and is deposited that same date in the ordinary course of business, in a United States mailbox in the City of Reno, County of Washoe, Nevada.

\_\_\_\_\_ (BY PERSONAL DELIVERY) by causing a true copy thereof to be hand delivered this date to the addressee(s) at the address(es) set forth below.

\_\_\_\_\_ (BY FACSIMILE) on the parties in said action by causing a true copy thereof to be telecopied to the number indicated after the address(es) noted below.

\_\_\_\_\_ Federal Express or other overnight delivery

\_\_\_\_\_ Reno/Carson Messenger Service

_✓_ E-File

addressed as follows:

Nathan M. Jenkins, Esq.
Jerry C. Carter, Esq.
Jenkins & Carter
501 Hammill Lane
Reno, Nevada 89511
*Attorneys for Defendants*

/s/ Yvonne Larssen
Yvonne Larssen, an Employee of Laxalt & Nomura, Ltd.